UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RALPH ABRARIA, | No. 2: 21-cv-1161 KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, et al., | |
| Respondents. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1] Petitioner paid the filing fee. For the reasons stated herein, petitioner is granted thirty days to inform the court whether he intends to proceed on his exhausted claim only or requests a stay of this action to exhaust additional claims.

The petition raises five claims related to the 20 years 4 months sentence imposed on petitioner in 2019 following his probation violation. In claim one, petitioner alleges that "the record does not reflect the disposition of the remaining probation violations alleged in many petitions but apparently not admitted." (ECF No. 1 at 6.) In claim two, petitioner alleges that he "did not forfeit his right to have the sentencing court exercise informed discretion." (Id.) In support of this claim, petitioner argues that the record contains strong support that the trial court

---

[1] On June 30, 2021, the United States District Court for the Central District of California transferred this action to this court.

1

misunderstood its sentencing discretion. (Id.) In claim three, petitioner argues that review should be granted to decide whether petitioner is entitled to have his sentence remanded for the court to exercise its sentencing discretion. (Id. at 7.) In claim four, petitioner appears to raise a claim for ineffective assistance of counsel on the grounds that counsel was unaware of SB1393, which gave the trial court sentencing discretion. (Id.) In claim five, petitioner alleges that he did not take a deal that gave him a $10,000 court fine. (Id.)

Petitioner alleges that he exhausted claims two, three and four in his petition for review filed in the California Supreme Court. (Id. at 6-7.) Petitioner alleges that claims one and five have not been presented to the California Supreme Court. (Id.) It does not appear that petitioner filed a petition for writ of habeas corpus in the California Supreme Court.

Attached to the instant petition is a copy of petitioner's petition for review filed in the California Supreme Court. The petition for review raised one claim: petitioner was entitled to have his sentenced remanded for the trial court to exercise its discretion to strike the five year enhancement imposed pursuant to California Penal Code § 667(a) on the grounds that the trial court did not realize it could decline to impose the enhancement. (Id. at 14.)

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

The undersigned finds that the only claim petitioner exhausted is the claim raised in the petition for review, i.e., petitioner is entitled to be resentenced because the trial court did not realize it had discretion to strike the five-year enhancement. The petition for review did not raise a claim alleging ineffective assistance of counsel, as suggested by petitioner in the petition. Accordingly, petitioner is granted thirty days to inform the court whether he intends to proceed on his exhausted claim only or requests a stay of this action in order to exhaust his unexhausted

claims.

Two procedures may be used in staying a petition — one provided for by Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002) and the other by Rhines v. Weber, 544 U.S. 269 (2005). King v. Ryan, 564 F.3d 1133, 1138-41 (9th Cir. 2009). Under the Kelly procedure, the district court may stay a petition containing only exhausted claims and hold it in abeyance pending exhaustion of additional claims which may then be added to the petition through amendment. Kelly, 315 F.3d at 1070-71; King, 564 F.3d at 1135. If the federal petition contains both exhausted and unexhausted claims (a so-called "mixed" petition), a petitioner seeking a stay under Kelly must first dismiss the unexhausted claims from the petition and seek to add them back in through amendment after exhausting them in state court. King, 564 F.3d at 1138-39. The previously unexhausted claims, once exhausted, must be added back into the federal petition within the statute of limitations provided for by 28 U.S.C. § 2244(d)(1), however. King, 564 F.3d at 1140-41. Under that statute, a one-year limitation period for seeking federal habeas relief begins to run from the latest of the date the judgment became final on direct review, the date on which a state-created impediment to filing is removed, the date the United States Supreme Court makes a new rule retroactively applicable to cases on collateral review or the date on which the factual predicate of a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2241(d)(1). A federal habeas petition does not toll the limitations period under 28 U.S.C. § 2244(d)(2). Duncan v. Walker, 533 U.S. 167, 181-82 (2001).

Under Rhines, a district court may stay a mixed petition in its entirety, without requiring dismissal of the unexhausted claims, while the petitioner attempts to exhaust them in state court. King, 564 F.3d at 1139-40. Unlike the Kelly procedure, however, Rhines requires that the petitioner show good cause for failing to exhaust the claims in state court prior to filing the federal petition. Rhines, 544 U.S. at 277-78; King, 564 F.3d at 1139. In addition, a stay pursuant to Rhines is inappropriate where the unexhausted claims are "plainly meritless" or where the petitioner has engaged in "abusive litigation tactics or intentional delay." Id.

////

////

3

Accordingly, IT IS HEREBY ORDERED that petitioner is granted thirty days to inform the court whether he intends to proceed on his exhausted claim only or requests a stay of this action in order to exhaust his unexhausted claims; if petitioner requests a stay of this action, petitioner shall file a motion to stay pursuant to <u>Rhines</u> or <u>Kelly</u> within thirty days of the date of this order.

Dated: July 9, 2021

*Kendall J. Newman*
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ab1161.ord

4