UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RALPH ABRARIA, | No. 2: 21-cv-1161 KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, et al., | |
| Respondents. | |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The petition raises five claims related to the 20 years and 4 months sentence imposed on petitioner in 2019 following his probation violation.  (ECF No. 1.)

On July 12, 2021, the undersigned issued an order finding that petitioner exhausted the claim raised in the petition for review, i.e., petitioner is entitled to be resentenced because the trial court did not realize it had discretion to strike the five-year enhancement.  (ECF No. 8.)  The July 12, 2021 order granted petitioner thirty days to inform the court whether he intends to proceed on his exhausted claim only or if he intends to request a stay of this action in order to exhaust his unexhausted claims.  (Id.)  The July 12, 2021 order further advised that if petitioner requested a stay, he shall file a motion to stay pursuant to Rhines v. Weber, 544 U.S. 269 (2005) or Kelly v. Small, 315 F.3d 1063 (9th Cir. 2002), within thirty days.  (Id.)

////

1

On July 12, 2021, petitioner filed an amended petition. (ECF No. 10.) The amended petition raises one claim: the district attorney did not give petitioner time served for the time spent in jail from 2013 to the present. (Id. at 5.) The original petition did not raise this claim.

On August 9, 2021, petitioner filed a pleading titled, "Kelly." (ECF No. 11.) This pleading is docketed as a "motion for judgment." (Id.) In this pleading, petitioner states that he would like a judgment on grounds one, two, three and four. (Id.) Petitioner states that he will file a petition in the California Supreme Court. (Id.)

It appears that petitioner requests a stay pursuant to Kelly in the August 9, 2021 pleading. Due to the overwhelming demands on the court's docket, this request cannot be adjudicated immediately. However, petitioner is not required to await resolution of the pending request for a stay before returning to state court to properly exhaust his state court remedies. In the event that petitioner exhausts any claims in the California Supreme Court prior to this court's resolution of the pending motion, petitioner is advised to file a notice of exhaustion in this court. Petitioner is reminded to raise all unexhausted claims in his petition for writ of habeas corpus filed in the California Supreme Court.

Petitioner also requested the appointment of counsel. There currently exists no absolute right to appointment of counsel in habeas proceedings. See Nevius v. Sumner, 105 F.3d 453, 460 (9th Cir. 1996). However, 18 U.S.C. § 3006A authorizes the appointment of counsel at any stage of the case "if the interests of justice so require." See Rule 8(c), Fed. R. Governing § 2254 Cases. In the present case, the court does not find that the interests of justice would be served by the appointment of counsel at the present time.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's motion for judgment (ECF No. 11) is construed as a notice for a stay pursuant to Kelly;
2. The court will issue an order addressing petitioner's request for a stay pursuant to Kelly shortly;
3. Petitioner shall file a notice of exhaustion when he exhausts his claims in the California Supreme Court;

4.  Petitioner request for appointment of counsel (ECF No. 10) is denied.

Dated: August 24, 2021

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Abrar1161.ord