UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RALPH ABRARIA, | No. 2: 21-cv-1161 KJN P |
| Petitioner, | |
| v. | ORDER |
| WARDEN, et al., | |
| Respondent. | |

Petitioner is a state prisoner, proceeding without counsel, with a civil rights action pursuant to 42 U.S.C. § 1983. For the reasons stated herein, petitioner is directed to file a second amended petition raising his exhausted claims.

Legal Standard for Exhaustion

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985). The United States Supreme Court has held that a federal district court may not entertain a petition for habeas corpus unless the petitioner has exhausted state remedies with respect to each of the claims raised. Rose v. Lundy, 455 U.S. 509 (1982).

1

Discussion

The original petition, filed May 4, 2021, raised five claims. (ECF No. 1.) In claim one, petitioner alleged that "the record does not reflect the disposition of the remaining probation violations alleged in many petitions but apparently not dismissed." (Id. at 6.) In claim two, petitioner alleged that he "did not forfeit the right to have the sentencing court exercise informed discretion." (Id.) In claim three, petitioner alleged that review should be granted to decide whether petitioner was entitled to have his sentence remanded for the court to exercise its sentencing discretion. (Id.) In claim four, petitioner appeared to raise a claim for ineffective assistance of counsel on the grounds that counsel was unaware of SB1393, which gave the trial court sentencing discretion. (Id.) In claim five, petitioner alleged that he did not take a deal that gave him a $10,000 fine. (Id.)

In the original petition, petitioner alleged that he exhausted claims two, three and four in his petition for review filed in the California Supreme Court. (Id. at 6-7.) Petitioner alleged that claims one and five had not been presented to the California Supreme Court. (Id.) The petition indicated that petitioner had not filed a habeas corpus petition in any state court with respect to his judgment of conviction. (Id. at 4.)

Petitioner attached to his original petition a copy of the petition for review filed in the California Supreme Court. The petition for review raised one claim: petitioner was entitled to have his sentence remanded for the trial court to exercise its discretion to strike the five-year enhancement imposed pursuant to California Penal Code § 667(a) on the grounds that the trial court did not realize it could decline to impose the enhancement. (Id. at 15.) The petition for review appears to have exhausted claims two and three raised in the original petition.

On July 12, 2021, the undersigned ordered petitioner to inform the court if he intended to proceed on his exhausted claim(s) only or whether he requested a stay of this action in order to exhaust his unexhausted claims. (ECF No. 8.) This order advised petitioner of the two procedures used to stay a petition, one provided for by Kelly v. Small, 315 F.3d 1063), and the other by Rhines v. Weber, 544 U.S. 269 (2005). (Id. at 3-4.)

////

Case 2:21-cv-01161-KJN   Document 16   Filed 02/18/22   Page 3 of 4

In response to the July 12, 2021 order, petitioner filed an amended petition and a "motion for judgment." (ECF Nos. 10, 11.) The amended petition raises one claim: The D.A. would not give petitioner time served in county jail from 2013 to the present. (ECF No. 10 at 5.) Petitioner claims he raised this claim in his petition for review and in a petition for writ of habeas corpus filed in the California Supreme Court. (Id.)

Petitioner's "motion for judgment" is titled "Kelly." (ECF No. 11 at 1.) Petitioner states that he would like to "get a judgment" on grounds one, two, three and four. (Id.) Petitioner goes on to state, "My problem was the fine and days not given." (Id.) In this pleading, petitioner appears to request a stay of this action pursuant to Kelly v. Small.

On January 13, 2022, petitioner filed a status report addressing the status of his unexhausted claims. (ECF No. 15.) Petitioner states that the Siskiyou County Superior Court granted his request to "run my fine with the days I have spent in jail." (Id. at 1.) Petitioner states that the California Supreme Court denied his habeas corpus petition on December 29, 2021. (Id. at 2.) Petitioner states that he is now asking the lower court to strike his enhancements. (Id.)

Petitioner's January 13, 2022 status report demonstrates that petitioner is still pursuing post-conviction relief in state court.

A "Kelly stay," as outlined in Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003), involves the following three-step process:

> (1) petitioner amends his petition to delete any unexhausted claims;
>
> (2) the court stays and holds in abeyance the amended, fully exhausted petition, allowing petitioner the opportunity to proceed to state court to exhaust the deleted claims; and
>
> (3) petitioner later amends his petition and re-attaches the newly-exhausted claims to the original petition.

King v. Ryan, 564 F.3d 1133, 1135 (9th Cir. 2009).

As indicated above, a Kelly stay requires a petitioner to file a petition containing the exhausted claims. Petitioner's amended petition (ECF No. 10) does not include the exhausted claim(s) raised in the original petition.

////

Accordingly, petitioner is directed to file a second amended petition raising all of his exhausted claims, i.e., those claim(s) raised in the petition for review filed in the California Supreme Court and those claims raised in the habeas corpus petition filed in the California Supreme Court. Following receipt of the second amended petition raising all of petitioner's exhausted claims, the undersigned will issue an order addressing petitioner's request to stay this action pursuant to Kelly v. Small.

Accordingly, IT IS HEREBY ORDERED that:

1. Within fourteen days of the date of this order, petitioner shall file a second amended petition raising all of his exhausted claims;
2. The Clerk of the Court is directed to send petitioner the form for a habeas corpus petition pursuant to 28 U.S.C. § 2254.

Dated: February 18, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Ab1161.ord(2)

4