UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREGORY RALPH ABRARIA,<br><br>Petitioner,<br><br>v.<br><br>WARDEN, et al.,<br><br>Respondent. | No. 2: 21-cv-1161 KJN P<br><br><br>ORDER & FINDINGS &<br>RECOMMENDATIONS |

Petitioner is a state prisoner, proceeding without counsel, with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is petitioner's motion to stay this action pending exhaustion of additional claims pursuant to Kelly v. Small, 315 F.3d 1063 (9th Cir. 2003).[1] (ECF No. 11.) For the reasons stated herein, the undersigned recommends that petitioner's motion to stay be granted.

Background

The original petition raised exhausted and unexhausted claims. (ECF No. 1.) On July 12, 2021, the undersigned ordered petitioner to inform the court if he intended to proceed on his exhausted claims only or whether he requested a stay. (ECF No. 8.) This order advised petitioner of the two procedures used to stay a petition, one provided for in Kelly v. Small, 315 F.3d 1063

---

[1] Petitioner's motion to stay is docketed as "Motion for Judgment."

1

(9th Cir. 2003), and the other by Rhines v. Weber, 544 U.S. 269 (2005).  (Id.)

In response to July 12, 2021 order, petitioner filed a pleading requesting that this action be stayed pursuant to Kelly.  (ECF No. 11.)  Petitioner also filed an amended petition raising a claim not raised in the original petition:  The D.A. would not give petitioner time served in county jail from 2013 to the present.  (ECF No. 10.)

On February 18, 2022, the undersigned advised petitioner that a Kelly stay requires petitioner to file a petition raising only exhausted claims.  (ECF No. 16.)  The undersigned granted petitioner fourteen days to file a second amended petition raising all of his exhausted claims.  (Id.)

On March 7, 2022, petitioner filed a second amended petition raising his exhausted claims.  (ECF No. 17.)

Exhaustion

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations.  Coleman v. Thompson, 501 U.S. 722, 731 (1991); Rose v. Lundy, 455 U.S. 509, 518 (1982).  A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995).

Stay and Abeyance

In the Ninth Circuit, a district court may stay a petition pursuant to Kelly under a three-step process: (1) the petitioner is allowed to amend a mixed petition by deleting unexhausted claims, (2) the exhausted claims are then held in abeyance until the unexhausted claims are exhausted, and (3) the petitioner is then allowed to amend the stayed petition to add the now-exhausted claims.  Kelly, 315 F.3d 1063.  Under the Kelly procedure, a petitioner is not required to show good cause, as would be required for a stay pursuant to Rhines v. Weber, 544 U.S. 269, 278 (2005).  Therefore, the undersigned recommends that the motion for stay be granted.

The court cannot indefinitely hold the petition in abeyance. Petitioner should be directed to file a status report periodically to advise the court of the state court proceedings. He should also be directed to file a motion to lift the stay shortly after final action by the state courts.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that:

1. Petitioner's motion for a stay (ECF No. 11) be granted and the Clerk of the Court be directed to administratively close this action;

2. Petitioner be directed to file a status report within sixty days of the date of service of the order adopting these findings and recommendations and every sixty days thereafter; and

3. Petitioner be directed to file a motion to lift the stay within thirty days of exhaustion of his unexhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 9, 2022

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

Abrar1161.sta